UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MIGUEL HERNANDEZ, on behalf of himself,
individually, and on behalf of all others
similarly-situated,                                                   **COMPLAINT**

                  Plaintiff,                              **Docket No.:**

    -against-                                             Jury Trial Demanded

HIGHGATE HOTELS, L.P., and HIGHGATE
HOLDINGS, INC., and PARK CENTRAL HOTEL, LLC,
and MAHMOOD KHIMJI, individually, and MEHDI
KHIMJI, individually,

               Defendants.
-------------------------------------------------------------------X

      Plaintiff, MIGUEL HERNANDEZ ("Plaintiff"), on behalf of himself, individually, and

on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his

attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against

HIGHGATE HOTELS, L.P., and HIGHGATE HOLDINGS, INC., and PARK CENTRAL

HOTEL, LLC (all three, collectively, as "Highgate" or "Highgate Defendants"), and

MAHMOOD KHIMJI, individually, and MEHDI KHIMJI, individually, (all five, collectively, as

"Defendants"), alleges upon knowledge as to himself and his own actions and upon information

and belief as to all other matters as follows:

### NATURE OF CASE

      1.     This is a civil action for damages and equitable relief based upon violations that

the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the

New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR")

tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff, a former employee of Defendants, a hotel management company and its co-owners, who worked for Defendants from 2005 until October of 2013 as a personal assistant, brings the instant action because of the Defendants' deliberate scheme to avoid paying Plaintiff the wages lawfully due to him under the FLSA and NYLL during the applicable statutory time period.  Specifically, the Defendants required Plaintiff to work at least sixty-five hours per week, yet they only paid Plaintiff for the first forty hours that he worked each week.  Accordingly, Defendants failed to pay Plaintiff at any rate of pay, let alone at the legally-required overtime rate of pay for any hours that he worked exceeding forty each week.  Additionally, Defendants failed to provide Plaintiff with proper wage statements on each payday as the NYLL requires.

3.      Defendants paid and treated all of their personal assistants in the same manner.

4.      Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his NYLL claims on behalf of himself, as well as on behalf of any FLSA Plaintiff who files a consent to join with the Clerk of Court.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

6.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7.     At all relevant times, Plaintiff was a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA and the NYLL.

8.     At all relevant times, Defendant Highgate Hotels, L.P., is a wholly owned subsidiary of Defendant Highgate Holdings, Inc., both of which share a common principal place of business located at 545 E. John W. Carpenter Freeway 14, Irving, Texas 75062.

9.     At all relevant times, Defendant Park Central Hotel, LLC, is a wholly owned subsidiary of Highgate Hotels L.P. and/or Highgate Holdings, Inc., with a principal place of business located at 870 7th Avenue, New York, New York, 10019, that operates the Park Central Hotel at that same address.

10.    At all relevant times, Defendants Mahmood Khimji and Mehdi Khimji are co-owners and operators of the three Highgate entities, who personally manage and supervise employees, such as Plaintiff, at Highgate's New York hotels.

11.    At all relevant times, Defendants were "employers" within the meaning of the FLSA and the NYLL.  Additionally, the Highgate Defendants' qualifying annual business exceeded $500,000 and Defendants were engaged in interstate commerce within the meaning of the FLSA as they are a Texas corporation that does business in the hotel industry in many states, including New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.  Furthermore, all of Defendants' employees, including Plaintiff and the FLSA Plaintiffs, were individually engaged in interstate commerce, as they all routinely transported individuals visiting from out of state and used equipment and supplies, such as

foreign vehicles, that have been and continue to be moved in interstate commerce. This independently subjects Defendants to the requirements of the FLSA with respect to Plaintiff and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiff seeks to bring this suit to recover from Defendants the full payment of all unpaid overtime compensation and liquidated damages due under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former personal assistants of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as personal assistants who give consent to file a claim to recover damages for overtime compensation that is legally due to them for the time worked in excess of forty hours per week ("FLSA Plaintiffs").

13.    Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

14.    At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs the rate of one and one-half times their respective rates of pay for all hours worked each workweek above forty, yet they purposefully chose not to do so.

4

15.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek, in violation of the FLSA.

## BACKGROUND FACTS

16.     Defendant Highgate Holdings, Inc., and its wholly owned subsidiary, Defendant Highgate Hotels, L.P., are Texas based business entities that provide hotel management services in the hospitality industry in multiple locations across the country.  In particular, the Highgate Defendants own subsidiaries that interdependently oversee the entire operation of a number of high end hotels throughout New York, including the Park Central Hotel, located at 870 7th Avenue, New York, New York 10019.

17.     The Highgate Defendants have an interrelationship of operations, with Defendants Mahmood and Mehdi Khimji, along with other Highgate managers, responsible for common management over all the Highgate hotels.  Defendants' Texas location serves as a common office facility, and Defendants Mahmood and Mehdi Khimji utilize family connections in order to run their hotel enterprise.

18.     Defendants implement a centralized control of employee and labor relations, paying employees, including Plaintiff and FLSA Plaintiffs, from either Highgate Hotels, L.P., or Park Central Hotel, LLC accounts at different times during Plaintiff's employment.

19.     Defendants Mahmood and Mehdi Khimji are the co-owners and operators of the Highgate hotels, and also personally manage and supervise certain Highgate employees, including the Plaintiff and other personal assistants.

20.     Additionally, Defendants Mahmood and Mehdi Khimji set Plaintiff's hours and schedule, set his pay rate, directed and supervised his day-to-day work activities, and were directly responsible for hiring and firing all personal assistants.

21.     From in or around June of 2005 up until October of 2013, Plaintiff worked for Defendants as a personal assistant.

22.     As a personal assistant, Plaintiff's main duties consisted of chauffeuring Highgate employees and clients and providing security to Highgate employees and clients.

23.     Additionally, as a condition of his employment, Defendant Mahmood Khimji required Plaintiff to perform personal errands for him, his family members, and other Highgate employees.

24.     Throughout his employment, Defendants required Plaintiff to work between five and seven days per week, starting his workday sometimes as early as 6:30 a.m., and working sometimes until as late as midnight.  By approximation, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did routinely work, between sixty and eighty hours per week.

25.     By way of example, during the week of May 19, 2013 through May 26, 2013, Plaintiff worked the following schedule:

Monday, May 20, 2013: 8:03 a.m. until 11:34 p.m.

Tuesday, May 21, 2013: 11:53 a.m. until 11:45 p.m.

Wednesday, May 22, 2013: 11:30 a.m. until 9:23 p.m.

Friday, May 24, 2013: 11:20 a.m. until 10:51 p.m.

Saturday, May 25, 2013: 6:33 a.m. until 6:39 p.m.

Thus, adding up the hours for this representative workweek, Plaintiff worked sixty hours and fifty-three minutes.

26.     By way of a second example, during the week of June 2, 2013 through June 8, 2013, Plaintiff worked the following schedule:

Sunday, June 2, 2013: 1:23 p.m. until 10:58 p.m.

Monday, June 3, 2013: 10:48 a.m. until 11:59 p.m.

Tuesday, June 4, 2013: 12:03 p.m. until 9:43 p.m.

Wednesday, June 5, 2013: 7:51 a.m. until 12:46 a.m.

Thursday, June 6, 2013: 12:41 p.m. until 9:47 p.m.

Friday, June 7, 2013: 12:19 p.m. until 10:11 p.m.

Thus, adding up the hours for this representative workweek, Plaintiff worked sixty-eight hours and nineteen minutes.

27.     By way of a third example, during the week of June 9, 2013 through June 14, 2013, Plaintiff worked the following schedule:

Sunday, June 9, 2013: 7:29 a.m. until 9:19 p.m.

Tuesday, June 11, 2013: 7:47 a.m. until 9:21 p.m.

Wednesday, June 12, 2013: 7:32 a.m. until 9:09 p.m.

Thursday, June 13, 2013: 7:51 a.m. until 9:51 p.m.

Friday, June 14, 2013: 6:39 a.m. until 5:19 p.m.

Thus, adding up the hours for this representative workweek, Plaintiff worked sixty-three hours and fifty-three minutes.

28.     From October 2009 through January 30, 2010, Defendants paid Plaintiff by check, on a weekly basis, in the amount of $1,083.19.  This amount was meant to cover only the first forty hours that Plaintiff worked each week, equaling an hourly rate of $27.08.

29.     From February 1, 2010 through October 27, 2013, Defendants paid Plaintiff by check, on a weekly basis, in the amount of $1,104.35.  This amount was meant to cover only the first forty hours that Plaintiff worked each week, equaling an hourly rate of $27.61.

30.     Throughout the entirety of his employment, Defendants did not pay Plaintiff at any rate of pay for the hours that Plaintiff worked in excess of forty each week.

31.     On those occasions that they paid Plaintiff, Defendants completely failed to furnish Plaintiff with a statement that accurately listed, *inter alia*, his rates of pay and his hours worked for that week.

32.     Defendants treated all of the Highgate personal assistants in the manner described herein.

33.     Defendants acted in this manner to maximize their profits and minimize their labor costs.

34.     Each hour that Plaintiff worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

35.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36.     29 U.S.C. § 206(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

37.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

38.     Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

39.     Defendants willfully violated the FLSA.

40.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective standard rates of pay.

41.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCCRR*

42.     Plaintiff and any FLSA Plaintiff that opts in to this action repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

44.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff that opts in to this action are employees within the meaning of the NYLL and the NYCCRR.

45.     Plaintiff and any FLSA Plaintiff that opts in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

46.     Defendants willfully violated the NYLL and the NYCCRR.

47.     Plaintiff and any FLSA Plaintiff that opts in to this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

48.     Plaintiff and any FLSA Plaintiff that opts in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELEIF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

49.     Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

51.     Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiffs who opt-in to this action are employees within the meaning of the NYLL and the NYCCRR.

52.     Defendants willfully failed to furnish Plaintiff and any FLSA Plaintiffs who opt-in to this action with accurate wage statements on each payday containing the criteria required by the NYLL.

53.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and/or any FLSA Plaintiffs who opt-in to this action in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

54.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to any FLSA Plaintiffs who opt-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

55.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and the FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws.

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons

acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.  An order restraining Defendants from any retaliation against any individual for participating in this lawsuit in any form;

d.  Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.  All damages that Plaintiff and the FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and the FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.  Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g.  Awarding Plaintiff and the FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment for Plaintiff;

h.  Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.  Pre-judgment and post-judgment interest, as provided by law;

j.    Granting Plaintiff and the FLSA Plaintiffs other and further relief as this Court

finds necessary and proper.

Dated: New York, New York
       October 14, 2015

Respectfully submitted,
BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (516) 248-5550
Fax. (516) 248-6027


By:    _____
       JEFFREY R. MAGUIRE (JM 1982)
       ALEXANDER T. COLEMAN (AC 1717)
       MICHAEL J. BORRELLI (MB 8533)