# EXHIBIT B

## **SETTLEMENT AGREEMENT AND RELEASE**

Settlement Agreement and Release ("Agreement") by and between Magdalena Borecka ("Borecka" or "Plaintiff") and Highgate Hotels, LP, Highgate Holdings, Inc., Park Central Hotel, LLC Mahmood Khimji, Mehdi Khimji, Naznin Karsan Khimji, their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, assigns, officers, directors, trustees, and employees, including, but not limited to, all agents, stockholders, partners, members, administrators, representatives, attorneys, insurers or fiduciaries (collectively, the "Defendants"):

**WHEREAS,** Miguel Hernandez commenced a lawsuit on October 15, 2015 against the Defendants which was filed in the United States District Court, Southern District of New York, Docket No. 15-CV-08144 (JGK) (the "Federal Matter"), asserting various claims alleging he is entitled to, *inter alia*, alleged unpaid wages and unpaid overtime from Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), New York State Labor Law ("NYLL"); and

**WHEREAS**, on or about February 4, 2016, this matter was certified as a collective action pursuant section 216(b) of the FLSA; and

**WHEREAS,** on or about May 5, 2016, Miguel Hernandez and a second named Plaintiff Magdalena Borecka filed an amended complaint asserting various claims alleging they were entitled to, *inter alia*, alleged unpaid wages and unpaid overtime from Defendants pursuant to the FLSA and the NYLL; and

**WHEREAS**, on or about June 6, 2016, Plaintiff Oscar Vasquez filed a consent to join this matter as an opt-in Plaintiff pursuant to section 216(b) of the FLSA alleging he was entitled to, *inter alia*, alleged unpaid wages and unpaid overtime from Defendants pursuant to the FLSA and the NYLL; and

**WHEREAS,** Defendants have denied they violated the aforementioned laws (and/or any other laws), assert Plaintiff is not entitled to any additional wages, assert Plaintiff was fully and properly paid for services she performed for Defendants, and otherwise vigorously defended against the Federal Matter; and,

**WHEREAS,** the parties are desirous of resolving these disputes and any and all disputes without incurring further time, expense, or attorneys' fees; and,

**WHEREAS,** the terms of this Agreement were fully reviewed by Plaintiff and her attorneys and all parties have had a sufficient opportunity to consider this Agreement and reviewed this Agreement with their respective attorneys; and,

**WHEREAS,** the parties have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion or duress; and

**NOW, THEREFORE** in consideration of the covenants, releases, representations, obligations and promises contained herein and for other good and valuable consideration, it is mutually agreed as follows:

1. Any and all disputes Plaintiff has with Defendants are fully settled in accordance with the terms more fully set forth herein.

2. **Consideration.**

The parties for the good and sufficient consideration set forth below agree as follows:

    a. In consideration for Plaintiff's execution of this Agreement and Plaintiff's release of any and all claims asserted in the Federal Matter, including, but not limited to, all claims for money damages or claims of an equitable or other nature, attorneys' fees, costs or expenses as set forth in paragraph 3 below, and in consideration of the parties' compliance with the promises made herein, Defendants agree to pay Plaintiff and her attorneys, by remitting to Plaintiff's attorneys the total gross sum of Two Hundred Thirteen Thousand Dollars and Zero Cents ($213,000.00) ("Settlement Sum") less applicable tax deductions in accordance with this Agreement and within the time period provided below.

    b. The Settlement Sum shall be shall be payable within seven (7) days of the satisfaction of the conditions set forth in Paragraph 2(c) below.

    c. Payment of the Settlement Sum shall be made pursuant to the below allocation and after the following acts: (i) the Court's approval of the instant Settlement Agreement; (ii) Plaintiff executing and providing one (1) original and one (1) copy of the Agreement to Defendants' counsel; and (iii) Plaintiff providing executed W-9s.

        i. *Settlement Allocation*. The Settlement Sum shall be distributed as follows:

            a) A total of One Third of the Settlement Sum, i.e., Seventy-Two Thousand Six Hundred Fifty-Two Dollars and Eighty-Eight Cents ($72,652.88), shall be payable to Borrelli & Associates, P.L.L.C. as attorneys' fees and reimbursement for litigation costs for which Defendants shall issue Plaintiff a Form 1099.

            b) The gross amount of One Hundred Forty Thousand Three Hundred Forty-Seven Dollars and Zero Cents ($140,347.12) shall be payable to Plaintiff. Fifty percent (50%) of Plaintiff's gross recovery shall be less lawful deductions, for which Plaintiff shall receive a W-2 tax form. The remaining fifty percent (50%) shall be without any withholdings, for which Defendants shall issue Plaintiff a Form 1099.

       c)     Settlement payments to Plaintiff shall be made to Plaintiff, and settlement payment to Plaintiff's attorneys shall be made payable to Plaintiff's attorneys, as per Paragraph 2(c)(ii) below.

       d)     All settlement payments shall be delivered to Jeffrey Maguire, Esq., Borrelli & Associates, P.L.L.C., 1010 Northern Boulevard, Suite 328, Great Neck, New York 11021.

   ii.  *Settlement Payment Schedule*. The Settlement Sum shall be payable no later than seven (7) days following the Court's approval of the instant agreement, in the following manner:

       a)     One check for Seventy Thousand One Hundred Seventy-Three Dollars and Fifty-Six Cents ($70,173.56), shall be made payable to "Magdalena Borecka", less lawful deductions, for which Plaintiff shall receive a W-2 tax form;

       b)     One check for Seventy Thousand One Hundred Seventy-Three Dollars and Fifty-Six Cents ($70,173.56), shall be made payable to "Magdalena Borecka" without any withholdings, for which Defendants shall issue Plaintiff a Form 1099;

       c)     One check for Seventy-Two Thousand Six Hundred Fifty-Two Dollars and Eighty-Eight Cents ($72,652.88), shall be made payable to Borrelli & Associates, P.L.L.C, as attorney's fees and litigation expenses for which Defendants shall issue Plaintiff's attorneys a Form 1099.

   d.     Plaintiff understands and agrees that she is responsible for making and/or paying all of her taxes relating to monies she receives under this Agreement;

   e.     Plaintiff understands and agrees that she would not receive the monies specified in this Agreement except for her execution of this Agreement and her agreement to fulfill the promises described herein.

   f.     The payment(s) mentioned in enumerated paragraphs 2(a) through 2(c) of this Agreement shall be in full satisfaction of any and all claims and causes of action as set forth in paragraph 3 of this Agreement.

   3.     **Wage and Hour Release.**   In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiff knowingly and voluntarily releases and forever discharges Defendants and Defendants' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns and their officers, directors, members, partners, trustees, current and former employees agents including Mehdi Khimji, Mahmood Khimji, Naznin Karsan Khimji, stockholders, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (the "Releasees") from any and all claims, causes of action, debts, obligations, promises, covenants, agreements,

773116-4                             3

contracts, endorsements, bonds, controversies, suits or causes of action known or unknown, suspected or unsuspected, arising out of the allegations set forth in the Federal Matter. This Release covers any rights or claims, known or unknown, relating in any way to Plaintiff's compensation derived from Plaintiff's employment relationship with the Releasees, or arising under any wage-related statute or wage-related regulation including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the New York State Labor Law §§ 1 *et seq*. and all applicable wage-related regulations including but not limited to 12 NYCRR 142 *et seq;* the Wage Theft Prevention Act, the New York Equal Pay Law; and all other New York State and Federal Wage and Hour Laws based upon any conduct occurring from the beginning of the world to the date this Agreement is executed.

4. **Plaintiff's Representations and Covenants.**

   a. *No Other Claims:* Plaintiff affirms she has not filed or caused to be filed, and she is not presently a party to, any claim against Defendants or any of the Releasees other than the Federal Matter.

   b. *Covenant Not to Sue:* Plaintiff hereby covenants and agrees not to sue, commence, prosecute and continue any other proceeding or complaint or accept any relief individually or as a member of a class, against Defendants or Releasees based on any claims that are referred to in paragraph three (3) of this Agreement. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding in which Defendants or any other Releasee identified in this Agreement is a party based on any claims that are referred to in paragraph three (3) of this Agreement. Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf based on any claims referred to in paragraph three (3) of this Agreement.

   c. *Sufficiency of Consideration:* Plaintiff expressly understands and agrees that the obligations under this Agreement and tender of the payment described herein are in lieu of any and all other amounts to which Plaintiff might be, is now, or may become entitled to receive from Defendants upon any wage-related claim asserted in the Federal Matter and referenced in paragraph three (3) of this Agreement. Plaintiff expressly waives any right or claim that she may have, or may assert, regarding claims against Defendants for payment of back pay, interest, bonuses, accrued vacation, accrued sick leave, medical, dental, optical or hospitalization benefits, accidental death and dismemberment coverage, long-term disability coverage, stock options, pensions, life insurance benefits, overtime, severance pay, liquidated damages and/or attorneys' fees or costs with respect to or derivative from Plaintiff's employment with Defendants. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff referenced in paragraph 2 of this Agreement constitute a fair and reasonable resolution of a *bona fide* dispute over a provision of the Fair Labor Standards Act.

   d. *Mutual Non-Disparagement:* The parties agree that they shall not make, or encourage any other individual to make any public or private "disparaging" comments, including but not limited to written, verbal, or electronic communications, about either party or any of the Releasees to any individual or entity and/or to take any direct action that would "disparage" any party or any of the Releasees. As it pertains to the Defendants, the foregoing clause is limited to

executive level employees acting in their official capacities. For purposes of this Agreement, the term "disparage" and/or "disparaging" shall mean and include but be limited to any statement which might adversely affect the reputation of Plaintiff or Defendants/Releasees, or which accuses the aforesaid individuals or entities of acting in violation of any law or government regulation or of conditioning any such action, or otherwise acting in an unprofessional, dishonest, disreputable, improper manner.  However, this restriction shall not prohibit Plaintiff or Defendants from (i) making truthful statements regarding their experiences litigating this matter or (ii) enforcing their rights or remedies under this Agreement.

      e.    Plaintiff acknowledges and represents that she is not currently suffering from any injury or disease including, but not limited to, a stress-related injury or disease caused by or in any way related to her employment with Defendants.

      f.    *Separation of Employment:* The employment relationship and/or association between Plaintiff and Defendants/Releasees has ended unrelated to any federal, state, or municipal statute or any cause of action Plaintiff has or may have against Defendants/Releasees.  It is further understood should Plaintiff again apply to work at or for Defendants/Releasees in any capacity, Defendants/Releasees, based on this clause, may deny Plaintiff employment for any position she seeks, and said denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be retaliatory in any way.

5.    **No Admission.**  This Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully with respect to Plaintiff or any other individual, or that Plaintiff has any rights whatsoever against Defendants.  Defendants specifically disclaim any liability for any purported wrongful acts against Plaintiff on the part of themselves, their officers, employees, and/or agents.  Further, this Agreement shall not in any way be construed as an admission by Defendants as to any allegations set forth in the Complaint in the Federal Matter. All parties acknowledge this matter as being settled to avoid further litigation and its concomitant expense.

6.    **Enforceability.**  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of the provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff and Defendants agree to execute promptly a release, waiver and/or covenant that is legal and enforceable.

7.    **Injunctive and Other Relief.**  Plaintiff acknowledges Defendants have entered into this Agreement based, in part, on Plaintiff's agreement to comply with the terms of the Agreement, which are an integral and essential part of the Agreement. Plaintiff agrees any breach of the promises contained in this Agreement may cause permanent and irreparable damage to the Defendants for which a remedy at law will be inadequate.  Consequently, Defendants shall be entitled to injunctive relief prohibiting any such breach or threatened breach or violation, or to

specific performance of this Agreement.   No bond or other security shall be posted by either party as a pre-condition to the issuance of an injunction.

**8.     Disputes; Damages.** In the event of a dispute as to the interpretation, application, or violation of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York.  The parties agree that any such dispute shall be resolved by a judge, not by a jury.  Neither party shall be entitled to an award of compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement, but the prevailing party in any such dispute shall be entitled to recover their reasonable attorneys' fees and costs incurred to enforce this Agreement, and additionally any attorneys' fees incurred as a result of any request for attorneys' fees.

9.     **Release Notification and Withdrawal.**

a.     Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with her legal counsel.  Plaintiff acknowledges she did so; it is her choice to waive any potential claims asserted in the Federal Matter in return for the benefits set forth herein; and, said choice was made after careful thought, and after consulting with her attorneys. Plaintiff represents that she has been advised to and did consult legal counsel regarding this Agreement. Plaintiff further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with any member of her immediate family, counsel or financial advisor of her own choosing, and having had sufficient time to review and consider this Agreement, Plaintiff fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

10.    **Neutral Reference.**  Any request for a reference will be referred to Ms. Geri-Williams-Fitts, Senior Vice President, Human Resources.  Ms. Williams-Fitts will respond to any inquiries about the Plaintiff by providing Plaintiff's dates of employment and most recent position held.  If asked for any other information, Ms. Williams-Fitts will respond that it is Defendants' policy not to provide detailed references.

11.    **Miscellaneous.**

a.     All notices or other communication provided for or permitted herein, shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Fed Ex, UPS, etc.) or sent by telecopy, electronic mail, or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this paragraph.  All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

        *i)*      <u>*If to Plaintiff:*</u>

                Magdalena Borecka
                c/o Borrelli & Associates, PLLC
                1010 Northern Boulevard, Suite 328
                Great Neck, New York 11021
                Fax: (516) 248-6027
                Attn.: Jeffrey Maguire, Esq.
                jrm@employmentlawyernewyork.com

        *ii)*     <u>*If to Defendants:*</u>
                Highgate Hotels, LP, Highgate Holdings, Inc.,
                Park Central Hotel, LLC, Mehdi Khimji, and Mahmood Khimji
                c/o Meltzer, Lippe, Goldstein & Breitstone, LLP
                190 Willis Avenue
                Mineola, NY 11501
                Fax: (516) 237-2893
                Attn.: Larry R. Martinez, Esq.
                lmartinez@meltzerlippe.com

        b.    This Agreement contains the entire understanding between the parties hereto concerning the subject matter hereof, supersedes any and all prior agreements among the parties with respect to the subject matter hereof, and may not be changed, modified, or altered, nor any of its provisions waived, except by an agreement in writing signed by the parties hereto. A waiver by any party of any of the terms or conditions of this Agreement, or of any breach thereof, shall not be deemed a waiver of such term or condition hereof, or of any subsequent breach thereof. All rights and remedies by this Agreement reserved to any party shall be cumulative and shall not be in limitation of any other right or remedy which such party may have at law, in equity, or otherwise.

        c.    Should there be any ambiguity with respect to the interpretation of this Agreement, no inference will be drawn against the drafter of the Agreement in connection with said dispute. This Agreement will be interpreted by the trier of fact without regard to the identity of the drafter of the Agreement.

        d.    This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts. Facsimile and or PDF transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same.

        e.    This Agreement shall inure to the benefit of Defendants its/their successors and assigns, including, but not limited to, any corporation, individual, partnership or

other entity which may acquire all or substantially all of Defendants' assets and business or with or into which Defendants may be consolidated or merged.  This Agreement shall inure to the benefit of Plaintiff and her heirs, executors and assigns.

   f. This Agreement was negotiated with specific reference to the State of New York and shall in all respects be governed by relevant federal law and the laws of the State of New York.

   g. The captions of the sections hereof are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement. Plaintiff shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

   h. Each of the covenants contained herein is a separate and independent covenant.  A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

  12. **Dismissal of Claims.**  Plaintiff agrees to execute any documents necessary to effect the lawful dismissal of the Federal Action with prejudice and to waive, release and discharge with prejudice any and all rights, claims or causes of action Plaintiff has or may have with respect to the Federal Action as set forth herein.  Plaintiff hereby authorizes Plaintiff's Counsel to execute, concurrent with his execution of this Agreement, the Stipulation of Dismissal with Prejudice attached hereto as **Exhibit A**.  Defendants' obligations under this Agreement, and the Plaintiff's right to receive the settlement payment, are strictly conditioned on the Court's dismissal of the Action with prejudice, including all of the FLSA and NYLL claims, as to the Plaintiff.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURES BELOW]**

**THERFORE,** the parties to this Agreement now voluntarily and knowingly execute this Agreement:

| PLAINTIFF | DEFENDANTS |
|---|---|
| *[signature]*<br>Magdaléna Borecka<br>Date: 3/30/17 | HIGHGATE HOTELS, LP; HIGHGATE HOLDINGS, INC.; PARK CENTRAL HOTEL, LLC<br><br>By: Mahmood Khimji<br>Date: _____<br><br>Mahmood Khimji<br>Date: _____<br><br>Mehdi Khimji<br>Date: _____ |

ERASMUS R. MOLANO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MO6300269
Qualified in Queens County
My Commission Expires March 31, 2018

STATE OF New York )
COUNTY OF New York )

    On March 30, 2017 before me personally came **MAGDALENA BORECKA** known to me to be the individual described in, and who executed the foregoing Agreement and duly acknowledged to me that she executed same.

                                                                           *[signature]*
                                                                           Notary Public

STATE OF _____ )
COUNTY OF _____ )

    On _____, 2017 before me personally came **MAHMOOD KHIMJI**, known to me to be the individual described in, and who executed the foregoing Agreement on behalf of all named Defendants and duly acknowledged to me that he executed same.

                                                                           Notary Public

STATE OF _____ )
COUNTY OF _____ )

    On _____, 2017 before me personally came **MEHDI KHIMJI,** known to me to be the individual described in, and who executed the foregoing Agreement on behalf of all named Defendants and duly acknowledged to me that he executed same.

                                                                           Notary Public

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIGUEL HERNANDEZ, and MAGDALENA
BORECKA, on behalf of themselves,
individually, and on behalf of all others
similarly-situated,

Case No.: 15-cv-8144 (JGK)

       Plaintiffs,

**ORDER OF VOLUNTARY
DISMISSAL WITH PREJUDICE**

-against-

HIGHGATE HOTELS, L.P., and HIGHGATE
HOLDINGS, INC., and PARK CENTRAL HOTEL,
LLC, and MAHMOOD KHIMJI, individually, and
MEHDI KHIMJI, individually,

       Defendants.
-----------------------------------------------------------------X

  Upon the joint application of the Plaintiffs and the Defendants, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement in the above-captioned action, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

  HEREBY ORDERED AS FOLLOWS:

  1. The parties' settlement has been negotiated in good faith and at arm's length by the parties through their respective counsel;

  2. The settlement is approved as a fair and reasonable disposition of the Plaintiffs' claims, including those claims pursuant to the Fair Labor Standards Act; and

3. Accordingly, this action, and all of the claims asserted herein, is hereby dismissed in its entirety with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

4. The Court shall retain jurisdiction over this matter solely to enforce the parties' settlement.

| Borrelli & Associates, P.L.L.C.<br><br>By: _____<br>JEFFREY R. MAGUIRE, ESQ.<br><br>*ATTORNEYS FOR PLAINTIFFS*<br>655 Third Avenue, Suite 1821<br>New York, New York 10009<br>jrm@employmentlawyernewyork.com | Meltzer, Lippe, Goldstein, & Breitstone, LLP<br><br>By: _____<br>LARRY R. MARTINEZ, ESQ.<br><br>*ATTORNEY FOR DEFENDANTS*<br>190 Willis Avenue<br>Mineola, New York 11501<br>lrmartinez@meltzerlippe.com |

SO ORDERED.

Dated: New York, New York

_____, 2017

_____
Hon. John G. Koeltl, U.S.D.J.